Michael R. Berube, In Pro Per
PO BOX 356
Carmel Valley, CA 93924
Telephone: 831 659 5476

In Pro Per



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL R BERUBE, <br><br> Plaintiff, <br><br> vs. <br><br> HSBC BANK USA, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-AR6, ET AL., <br><br> Defendant | Case No.: No. C09-00127-JF(PVT) <br><br> FIRST AMENDED COMPLAINT (VACATE TRUSTEE SALE AND DAMAGES FOR FORCIBLE DETAINER) |

# INTRODUCTION

1. Plaintiff originally brought this action in the Superior Court of the State of California in and for the County of Monterey. Defendant caused the case to be removed to the above-entitled Court where the action is now pending based on the Federal question issues presented in Plaintiff's original State Court complaint. Defendant then moved the Court to dismiss the case for among other reasons that Plaintiff had not stated a Federal claim for relief in its RICO action allegations. In the within First Amended Complaint, Plaintiff does not seek to pursue the RICO claims and instead seeks to

FIRST AMENDED COMPLAINT                    1

pursue its claims for relief for wrongful foreclosure and its new claim for damages based upon its claims of forcible detainer (lockout). Since the Federal claims are no longer at issue in this First Amended Complaint, Plaintiff requests that the action be remanded back to the State Court.

2. Plaintiff is an individual residing in Monterey County, California. The real property residence which is the subject of this action is located at 54 Southbank Road, Carmel Valley, Monterey County, California (the "subject property"). A legal description of the subject property is attached as Exhibit 1 and incorporated by this reference. Plaintiff is informed and believes that Defendant is a financial entity, form unknown, doing business in Monterey County California. The Note and Trust Deed documents relevant to the allegations set forth herein were executed in Santa Clara County, California. Plaintiff is informed and believes that Defendant was not and is not the holder of the underlying note relative to the deed of trust recorded relative to the subject property.

## FIRST CLAIM FOR RELIEF – REQUEST TO VACATE TRUSTEE SALE ON WRONGFUL FORECLOSURE

3. In July 2005, Plaintiff executed a note and deed of trust (recorded July 11, 2005) relative to the subject property. The note was made in favor of Alliance Bancorp. Plaintiff is informed and believes that MERS was named as beneficiary in said deed of trust as nominee only with no authority or power to assign the deed of trust without the underlying note and authorization of the payee on the note, Alliance Bancorp.

4. On or about July 13, 2007 Alliance Bancorp filed a chapter 7 bankruptcy petition and said bankruptcy case remains open and active to date. Plaintiff is informed and believes that all assets of Alliance, including all beneficial interest in the Note and Deed of Trust relative to the subject property are part of the bankruptcy estate being administered by a chapter 7 trustee. Plaintiff is further informed and believes that there has been no bankruptcy court authorization to transfer said assets from the bankruptcy estate and that the Alliance Bankruptcy estate has not transferred or assigned its interest in the note and deed of trust relative to the subject property. There has been no valid transfer or assignment of said note and deed of trust.

5. On or about October 5, 2007, Plaintiff is informed and believes that Defendant caused a notice of default to be recorded with Monterey County Recorder (doc# 2007075923) relative to the subject property and said note and deed of trust. At the time of such instruction and the recordation of said notice of default, Defendant was not authorized to commence a foreclosure under California's non-judicial foreclosure procedures as set forth in California Civil Code section 2924 et seq. in that as of that time, no recordation of assignment had occurred. A purported assignment of the deed of trust (Monterey Recorder Doc# 2007080498) was recorded on October 19, 2007 (even though the Notice of Default by Defendant was recorded October 5, 2007).The statutory scheme for nonjudicial foreclosure authorizes the commencement of a notice of default and foreclosure by an assignee only if the assignment has been first recorded as set forth in CC section 2932.5.

Further, Defendant executed its substitution of trustee upon which its foreclosure was based on November 19, 2007 which was not recorded until November 29, 2007, well after the commencement of the subject foreclosure by Defendant in October of 2007 and there was as such no authorization to so proceed with the Notice of Default at the prior time.

6. The Notice of Default was thus defective and ineffective and the subsequent Trustee Sale on or about April 15, 2008 was based upon an invalid Notice of Default both because the statutory scheme had not been complied with and because there could be no valid and effective assignment of the Note and Deed of Trust by Alliance without its chapter 7 Bankruptcy Court's prior approval, which was not obtained.

## SECOND CLAIM FOR RELIEF – DAMAGES FOR FORCIBLE DETAINER (LOCKOUT)

7. On or about October 9, 2008,. while Plaintiff was still in possession of the subject property, Defendant, by itself or via its authorized agent acting within the scope of its agency, caused the locks to be changed on the subject residence property and gates to said property effectively and wrongfully locking Plaintiff out of his residence. Such action caused extreme inconvenience, distress and humiliation to Plaintiff. Notices were wrongfully posted on and around Plaintiff's house for all his neighbors to see, thus further humiliating Plaintiff.

8. At the time of such "lockout", Plaintiff had not been served with any eviction action and there as no Court order authorizing Defendant or its agents to change locks or enter the premises, as they did.

9. As a result, Plaintiff suffered emotional distress and humiliation and lost the peaceful and quiet enjoyment of the residence. Although Plaintiff has subsequently reobtained access to the residence, his and his family's sense of peace and security in the home has been shattered.

10. The actions of Defendant in wrongfully evicting Plaintiff were done with callous disregard for Plaintiff's rights and feelings and were arrogant to the extent that they were intentional and malicious towards Plaintiff and warrant the award of punitive damages.

WHEREFORE, PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

FIRST CLAIM FOR RELEIF:

    I. An order vacating and setting aside the Trustee's Sale and Notice of Default relative to the subject property located at 54 Southbank Road, Carmel Valley, California;

    II. A Declaration that the purported assignment to Defendant was without legal authorization and invalid;

SECOND CLAIM FOR RELIEF:

    III. Damages on account of Defendant's wrongful eviction and to compensate Plaintiff for the distress, humiliation and loss of quiet enjoyment of his residence in a sum of not less than $50,000 or in such amounts as proved at the time of trial and punitive damages in this matter commensurate with the wrong done and Defendant's financial status, as determined by the Court.

_____

Michael Berube, Pro Per

DESCRIPTION:

THE REAL PROPERTY IN CITY OF CARMEL VALLEY, COUNTY OF MONTEREY, STATE OF CALIFORNIA, DESCRIBED AS:

LOT "U" AS SAID LOT IS SHOWN ON THAT CERTAIN MAP ENTITLED, MAP OF "ROBLES DEL RIO CARMELO SUB'D. NO. 3", MONTEREY COUNTY, CALIFORNIA, FILED FOR RECORD JUNE 7, 1932 IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, IN VOLUME 3 OF MAPS, "CITIES AND TOWNS", AT PAGE 87.

APN: 189-501-020

Ex 1

Proof of Service by Mail:

Re: U.S. District Court, Northern District of California, San Jose Division
Case c09-00127-JF(PVT)
Berube v HSBC Bank, etc

I hereby declare under penalty of perjury of the laws of the State of California as follows:

That I am not a party to the within lawsuit and that I am over the age of 21 years. I reside in Monterey County, California. My address is: 241 Main Street, Salinas, CA

On May 29, 2009, I served the Defendant through its Attorney of record in this action with a true copy of Plaintiff's First Amended Complaint by placing a true copy in a sealed envelope, postage pre-paid first class, and I deposited the envelope in the U.S. mail in Salinas, California on said date addressed as follows:

Dean A. Chrisopherson, Esq.
1111 Civic Drive, suite 380
Walnut Creek, CA 94596

_____
Anthony Lane